IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD HAZELTON,                    :
                                     :
        Petitioner,                  :
                                     :
vs.                                  :    CIVIL ACTION NO. 3:05-2068
                                     :    (JUDGE KOSIK)
WARDEN SHANNON,                      :
DISTRICT ATTORNEY OF                 :
LACKAWANNA COUNTY,                   :
ATTORNEY GENERAL OF                  :
PENNSYLVANIA,                        :
                                     :
        Respondents.                 :


**<u>MEMORANDUM</u>**

Before the court are Petitioner's Objections, filed May 30, 2006, (Doc. 34)

to the Report and Recommendation (Doc. 31) of Magistrate Judge J. Andrew Smyser.

For the reasons which follow, we will overrule the Petitioner's Objections, adopt the

Report and Recommendation of the Magistrate Judge, dismiss the petition for writ of

habeas corpus, and close this case.

I.      **BACKGROUND**

Petitioner pleaded guilty to criminal trespass, theft, possession of a

controlled substance and simple assault in the Court of Common Pleas of

Lackawanna County on August 16, 2001.  Pursuant to the plea agreement, the court

refrained from sentencing Petitioner, and Petitioner agreed to complete a drug

treatment program.  Petitioner acknowledged that he subsequently violated the plea

agreement by not abiding by the requirements of the drug treatment program.  On

October 10, 2003, the court held a hearing on the Commonwealth's petition to

terminate, and sentenced Petitioner to a term of 18 to 56 months.   Neither the transcript of the plea hearing, nor that of the sentencing hearing, evidence that the court notified Petitioner of his right to appeal.  Petitioner took no direct appeal from the guilty plea or the sentence.   Petitioner similarly failed to file a petition for post-conviction relief in state court.

On October 11, 2005, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner claimed that the guilty plea was entered unlawfully, involuntarily and unknowingly, and in violation of his due process rights.   Petitioner further asserted a claim of actual innocence.  On November 24, 2005, the defendants filed an answer (Doc. 16) to the petition, one day after the date mandated by Magistrate Judge Smyser in his order of November 3, 2005.   In their response, the defendants contended that Petitioner failed to exhaust his state remedies.   Petitioner filed a motion to "Deem Respondents' Procedural Defenses Waived" on January 9, 2006. (Doc. 19).  Petitioner argued that the defendants waived any defenses to the petition when they neglected to file an answer within the time allotted by the court.

On January 26, 2006, Magistrate Judge Smyser filed an order denying Petitioner's motion and noting that it was not clear that there were any state remedies available for Petitioner to pursue as the time for state court appeals had passed. (Doc. 21).  The Magistrate Judge ordered the defendants to file a supplemental response to the petition.  The defendants were directed to indicate whether their defense rested upon Petitioner's failure to exhaust state court remedies, or was based upon procedural default.  The latter occurs when a petitioner fails to pursue available state

2

court appeals within the time allotted by state court procedures.  The Magistrate Judge further ordered that the defendants respond to Petitioner's motion to deem procedural defenses waived and to respond to Petitioner's claim of actual innocence.   The defendants filed a supplemental response and Petitioner filed a reply thereto. (Docs. 29 and 30).

On  May  3,  2006,  Magistrate  Judge  Smyser  filed  a  Report  and Recommendation suggesting that we dismiss the petition on the basis of procedural default.  (Doc. 31).  The Magistrate Judge further determined that Petitioner had not established his claim of actual innocence.  Petitioner filed objections thereto on May 30, 2006, after seeking an extension of time from the court.  (Doc. 34).  Petitioner's objections are contained in seventeen numbered paragraphs, but essentially consist of four arguments.  Petitioner asserts that the defendants waived the affirmative defense of procedural default when they failed to raise it in their initial response, that the Magistrate Judge improperly raised procedural default *sua sponte*, that the Magistrate Judge erred in suggesting that Petitioner failed to establish actual innocence, and that Petitioner's failure to file state court appeals should be excused as the court did not advise him of his right to appeal.[1]

---

[1]

The petition for writ of habeas corpus itself raised additional challenges to Petitioner's confinement including the allegation that his guilty plea was entered unlawfully, involuntarily, and illegally, that the initial arrest warrant was invalid,  and that defense counsel refused Petitioner's request to petition the court to withdraw the plea and appeal his sentence.  We will not review, de novo, the above, or any other  claims, that Petitioner omitted from his objections to the Report and Recommendation.  *See* Fed.R.Civ.P. 72(b) ("The district judge . . . shall make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific

3

## II.        DISCUSSION

A party may object to the Report and Recommendation of a Magistrate Judge within ten days after service of the Report.  Local Rule 72.3.  When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### A.        Petition Procedurally Defaulted

We will address and dispose of Petitioner's first two objections concurrently as our holding that the Magistrate Judge acted appropriately in raising the issue of procedural default moots Petitioner's contention that the defendants waived the defense of procedural default.  In *Coleman v. Thompson*, 501 U.S. 722 (U.S. 1991), the Supreme Court held that habeas petitions submitted by state prisoners who failed to pursue the state court appeals available within the time allotted by the state should be dismissed with limited exceptions.  The Court held: "[w]e now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant

---

written objection has been made in accordance with this rule").

to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The Supreme Court clarified that procedural default is not a jurisdictional matter, and does not preclude the federal courts from reviewing habeas petitions where the petitioner failed to pursue all state court appeals. *Trest v. Cain*, 522 U.S. 87, 89 (1997). The *Trest* court further held that "procedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." *Id.* (*citations and quotations omitted*). Nonetheless, the Third Circuit has determined that courts may raise the defense of procedural default on their own motion. *See Hull v. Freeman*, 932 F.2d 159, 164 n.4 (3d Cir. 1991), overruled on other grounds, *Caswell v. Ryan*, 953 F.2d 853 (3d Cir. 1992). Many other circuit courts have taken a similar approach and determined that it is permissible for a court to raise the defense *sua sponte*. *See Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (holding "federal district court may . . . raise a habeas petitioner's procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims"); *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993); *Hardiman v. Reynolds*, 971 F.2d 500, 504 (10th Cir. 1992); *Burgin v. Broglin*, 900 F.2d 990, 997-98 (7th Cir. 1990).

In the present case, Petitioner acknowledges that he did not pursue direct

or collateral appeals through the Pennsylvania courts. His argument here is that the defendants waived the procedural default defense when they failed to raise it in their initial response to the petition for writ of habeas corpus and that the Magistrate Judge improperly raised the issue *sua sponte*. Petitioner is correct in asserting that the Commonwealth waived the defense of procedural default when they failed to raise it in their response to the petition. *See Trest*, 522 U.S. at 89. The Magistrate Judge, however, acted within the discretion afforded him by 28 U.S.C. § 2254 and the Third Circuit when he raised the issue of procedural default in an attempt to clarify defendants' assertion that Petitioner had not exhausted his state court remedies. *See Hull*, 932 F.2d at 164 n.4 (holding federal court may raise procedural default *sua sponte*). Petitioner cannot be heard to complain that he was ambushed by the Magistrate Judge's order as procedural default and the pleaded defense of exhaustion of state court remedies are substantially similar and because Magistrate Judge Smyser afforded all parties the opportunity to brief the procedural default issue prior to issuing the Report and Recommendation. Given that the issue was properly raised by the Magistrate Judge in his January 26, 2006, order, and because Petitioner admits that he did not pursue direct and collateral appeals in state court, we will overrule Petitioner's objections to the Magistrate Judge's determination that Petitioner's claims are procedurally defaulted. We must next determine whether the state court's failure to notify Petitioner of his right to appeal his sentence provides cause for the default, and whether Petitioner's claim of actual innocence, if established, would constitute fundamental miscarriage of justice.

**B.      Exceptions To Procedural Default**

Petitioner's final two objections to the Magistrate Judge's Report and Recommendation purport to excuse Petitioner's failure to pursue direct or collateral appeals to his guilty plea or sentence.  In order to be successful in his claim that both the plea and sentencing courts failed to notify him of his right to appeal, Petitioner must demonstrate that the courts' omissions constitute cause for the default and that they resulted in actual prejudice to the Petitioner.  *Coleman*, 501 U.S. at 750.  To succeed in his claim of actual innocence, Petitioner must establish that a failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.*

**1.      Failure to notify Petitioner of right to appeal not cause for default**

Petitioner's objections include a conclusory challenge to Magistrate Judge Smyser's determination that habeas relief should not be granted on the basis that the plea and sentencing courts failed to notify Petitioner of his right to appeal.  Petitioner complains simply that, "'cause' is shown why petitioner has not appealed to the State Courts, due to, the State Court not advising petitioner on record of his 'appeal rights.'" (Doc. 34, p. 6).  The fact that neither the judge presiding at the August 16, 2001, plea hearing, nor the judge who sentenced Petitioner on October 10, 2003, notified Petitioner of his right to appeal, does not serve as a basis for substantive review of the otherwise procedurally defaulted habeas claim.

The Supreme Court held in *Peguero v. United States*, 526 U.S. 23, 24 (U.S. 1999), that, "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice

7

from the omission." The *Peguero* case involved a petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2255. Peguero pleaded guilty in District Court to conspiracy to distribute cocaine and was sentenced to 274 months imprisonment. *Id.* at 24. The district court did not notify the defendant of his right to appeal as was required by Fed.R.Crim.P. 32(a)(2). Four years after sentencing, Peguero filed a petition for writ of habeas corpus in this district based upon ineffective assistance of counsel and the district court's failure to notify him of his right to appeal his sentence. Among other arguments, Peguero complained that counsel had failed to appeal the sentence despite Peguero's direction to do so. *Id.* at 25. At an evidentiary hearing on the petition, Peguero testified that he asked his attorney to file an appeal following sentencing. The District Court denied the petition, holding that Peguero was not prejudiced by the sentencing court's violation of Rule 32. Rather, the court determined that Peguero was aware of his right to appeal at the time of sentencing, as evidenced by his request that his attorney file an appeal upon receiving the sentence. *Id.* The Third Circuit and Supreme Court upheld the denial of Peguero's habeas petition.

In the instant case, it is evident that both the plea court and sentencing court failed to notify Petitioner of his right to appeal either his conviction or sentence. Petitioner claims that the courts' failure to do so justifies his subsequent failure to pursue direct or collateral state appeals. Petitioner's argument is belied, however, by his own assertion that he directed guilty plea counsel to petition the court to withdraw the plea and to appeal the sentence imposed. Petitioner included this claim in his brief in support of his petition. (Doc. 2, p. 4). The ineffective assistance claim associated

8

with Petitioner's allegations against his counsel will not be reviewed de novo as Petitioner did not object to Magistrate Judge Smyser's determination on that issue. The claims are relevant in that they demonstrate that Petitioner knew of his right to appeal at the time of sentencing.

The present case is distinguishable from *Peguero* only in as much as Petitioner was sentenced in state court pursuant to the Pennsylvania Rules of Criminal Procedure. The differences do not aid Petitioner. We need not determine whether the Pennsylvania Rules require a defendant to be notified of his right to appeal a guilty plea or the imposition of sentence, and whether a failure to do so gives rise to a federal Due Process claim. It appears obvious to this court that if a failure to notify a defendant of his right to appeal, when the defendant demonstrates that he knows of that right, cannot serve as a basis for habeas relief under 28 U.S.C. § 2255, then it should not constitute "cause" for a procedural default in the case of a petition filed by a state inmate pursuant 28 U.S.C. § 2254. Like Peguero, Petitioner was not prejudiced by the court's failure to notify him of his right to appeal. Accordingly, the plea and sentencing courts' failure to notify Petitioner of his right to appeal does not offer Petitioner a reprieve from our determination that his habeas petition is procedurally defaulted. *See Peguero*, 526 U.S. at 24 (holding "district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission").

## 2.    Petitioner has not established actual innocence

Petitioner's final objection to the Report and Recommendations challenges the Magistrate Judge's determination of Petitioner's claim of actual innocence. As

9

noted above, the Supreme Court's *Coleman* opinion precludes any substantive review of a procedurally defaulted habeas claim unless the petitioner can show cause for the failure to pursue state court appeals and actual prejudice as a result, or demonstrate that the refusal to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  A valid claim of actual innocence may constitute fundamental miscarriage of justice and permit habeas review despite procedural default.  "[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Supreme Court reiterated the standard to be applied to claims of actual innocence within the last few months.  The "standard is demanding and permits review only in the 'extraordinary' case.  At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence.  A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -- or, to remove the double negative, that  more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077, _ U.S. _ (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 319-322, 324 (1995)).  In the habeas context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).  When considering a claim of actual innocence a District Court may "consider how the timing of the submission and the likely credibility

of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S., at 331-332.

        In this case, Petitioner argued in his submissions to the Magistrate Judge that the complaining witness had asked the state to drop some of the criminal charges against Petitioner.  The new evidence submitted by Petitioner in support of his claim of actual innocence totals two affidavits.  The first is the notarized affidavit of victim, Michelle Prynkiewicz, dated April 12, 2005.  Ms. Prynkiewicz asserts that she and Petitioner had been living together for eight years prior to the theft on June 18, 2001. (Doc. 2, Ex. 1A).  She contends that she did not know that Petitioner was the person who took an air conditioner from her shed.  She claims that had she known this, she would not have called the police and would not have pressed charges.  Ms. Prynkiewicz explains that she learned that Petitioner had taken the air conditioner after the police had arrived.  She states that she attended the guilty plea hearing and told "the attorney who was present" of how the reporting police officer talked her into pressing charges. *Id.* She could not attend the sentencing hearing because she was not provided sufficient notice.

        The second affidavit is also dated April 12, 2005, and is signed by Ms. Prynkiewicz, and Donna and Nicole Hazelton, presumably the mother and sister of Petitioner.   The second affidavit contends that all three women met with the sentencing judge in April of 2004, six months after the sentencing hearing.  The three claim to have told the judge that Petitioner was being held on charges that the victim had dropped.  They allege that the county judge promised to put in a good word for Petitioner and that he would have an assistant get in touch with the affiants.  The

sentencing judge never contacted the three women.

Neither of the affidavits, when viewed with all other evidence, provides sufficient support to make this an "extraordinary" case worthy of the fundamental miscarriage of justice label. *See House*, 126 S. Ct. at 2077 (holding actual innocence requires substantive review only in extraordinary cases). The affidavit of Ms. Prynkiewicz does claim that Petitioner had a right to be on the property. But as the Magistrate Judge noted, it offers no explanation for the additional crimes, including possession of a controlled substance and simple assault. Additionally, Ms. Prynkiewicz' testimony is to be viewed in light of the fact that she has had a long and continuing romantic relationship with Petitioner and, from the text of the affidavit, appears to have had a child with Petitioner. The passage of time since the date of the crime, the continuing relationship, the grey nature of domestic crimes, in which victims often recant allegations, and the financial burden Ms. Prynkiewicz endures while Petitioner is imprisoned, all call into question the credibility of her affidavit. Moreover, the affidavit offers no explanation for why, if not guilty, Petitioner would have entered a plea in 2001. Most significantly, the after-the-fact withdrawal of allegations against Petitioner is weak evidence of innocence when compared to the August 16, 2001, plea colloquy during which Petitioner acknowledged committing the crimes alleged. We find the affidavit of Ms. Prynkiewicz to be unreliable in light of the circumstances and conflicting evidence. *See Schlup*, 513 U.S., at 331-32 (holding District Court may "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence").

The second affidavit offers even less support for Petitioner's claim of actual

innocence. The document merely asserts that Petitioner's mother, sister, and girlfriend visited the sentencing judge six months after the sentencing hearing to complain that a mistake was made.   The affidavit offers no evidence in support of Petitioner's innocence other than the protestations of his family.   There is no evidence that either the mother or sister were present at the time of the crime.   Accordingly, their opinions as to guilt or innocence are insufficient to justify substantive review despite the procedural default.   As noted above, Ms. Prynkiewicz present assertions are incredible in light of her continuing relationship with Petitioner and the weight of opposing evidence.   Petitioner has failed to meet his burden to demonstrate that, "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 126 S. Ct. at 2077.   Petitioner neither established cause for the failure to pursue state court appeals, nor demonstrated that a failure to provide substantive review will result in a fundamental miscarriage of justice.   Accordingly, we will not conduct a substantive review of the procedurally defaulted petition for writ of habeas corpus.

## III.       CONCLUSION

The present habeas petition is subject to procedural default as Petitioner failed to pursue direct or collateral state court appeals within the time allotted by the Commonwealth.   The Magistrate Judge acted within his discretion to raise the issue of procedural default *sua sponte* in an effort to clarify the defendants' assertion of non-exhaustion of state court remedies.   The plea and sentencing courts' failure to notify Petitioner of his appeal rights does not constitute cause for the default as Petitioner knew of his right to appeal and, therefore, suffered no prejudice as a result of the

court's omission.  *See Peguero*, 526 U.S. at 24 (holding "district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission").  Finally, Petitioner's claim of actual innocence fails as he cannot establish that no reasonable juror would find him guilty beyond a reasonable doubt.  *See House*, 126 S. Ct. at 2077. We will adopt Magistrate Judge Smyser's Report and Recommendation and deny the petition for writ of habeas corpus.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD HAZELTON,                        :
                                         :
          Petitioner,                    :
                                         :
     vs.                                 :   CIVIL ACTION NO. 3:05-2068
                                         :   (JUDGE KOSIK)
WARDEN SHANNON,                          :
DISTRICT ATTORNEY OF                     :
LACKAWANNA COUNTY                        :
ATTORNEY GENERAL OF                      :
PENNSYLVANIA,                            :
                                         :
          Respondents.                   :

## ORDER

AND NOW, this 8th day of AUGUST 2006, IT IS HEREBY ORDERED

THAT:

[1] Petitioner's Objections (Doc. 34) are overruled;

[2] the Report and Recommendation of Magistrate Judge J. Andrew

Smyser dated May 3, 2006, (Doc. 31) is adopted;

[3] the petition for writ of habeas corpus (Doc. 1) is dismissed;

[4] the Clerk of Court is directed to close this case and forward a copy of

this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser;

and,

[5] based on the court's conclusions herein, there is no basis for the

issuance of a certificate of appealability.

_____
                         s/Edwin M. Kosik
                         United States District Judge